# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PAVLAK, ADVOCATES FOR DISABLED AMERICANS, | : <br> : <br> : |
| Plaintiffs, | : <br> : Civ. Action No. |
| v. | : <br> : |
| REALTY INCOME PROPERTIES 29 LLC, | : **NOTICE FOR REMOVAL OF CASE** <br> : **FROM THE SUPERIOR COURT OF** <br> : **NEW JERSEY, LAW DIVISION, SALEM** <br> : **COUNTY** |
| Defendant. | : <br> : |

TO:   William T. Walsh, Clerk of Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

Anthony J. Brady, Jr., Esq.
1 Rose Avenue
P.O. Box 129
Maple Shade, New Jersey 08052

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Realty Income Properties 29, LLC ("Defendant"), respectfully submits this Notice of Removal of a case from the Superior Court of New Jersey, Law Division, Salem County, bearing Docket No. SLM-L-26-17, and state as follows as grounds for removal:

1.      On March 13, 2017, Plaintiffs, Nicholas Pavlak and Advocates for Disabled Americans ("Plaintiffs") filed a civil action captioned <u>Nicholas Pavlak, Advocates for Disabled Americans v. Realty Income Properties 29, LLC.</u>, Docket No. SLM-L-26-17, in the Superior Court of New Jersey, Law Division, Salem County.

2.      Defendant was served with a copy of the Summons and Complaint on July 26, 2017. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

3.     The Summons and Complaint constitute all pleadings, process, and other documents provided to Defendant in this action.  The Complaint was the initial pleading received by Defendant setting forth the claims upon which Plaintiffs' action is based.

4.     This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendant has effected removal within thirty (30) days of receipt of a paper from which it first could be ascertained that this action is removable.

5.     Defendant has not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance or argument with State Court.

6.     Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this action involves claims that relate to the laws of the United States – specifically, the Americans with Disabilities Act, 42 USC § 12182, et seq. See Exhibit A.

7.     Accordingly, the matter is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

8.     This Court has supplemental jurisdiction over the claims set forth in the remaining counts of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1367 and 1441(c).

9.     Venue is proper in this Court.

10.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including improper service of process or Plaintiff's failure to state any claims upon which relief may be granted.

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Salem County.

12.     By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Salem County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890

By:____/s/ Joseph C. Toris_____
          Joseph C. Toris
          Attorneys for Defendant

Dated:  August 25, 2017

4831-7302-0494, v. 1

3

# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Anthony J Brady |
| Office Address | 1 Rose Ave |
| | P.O. Box 129. |
| Town, State, Zip Code | Maple Shade, New Jersey 08052 |
| Telephone Number | 561-803-8387 |
| Attorney(s) for Plaintiff | Pavlak and AFDA |

Pavlak Nicholas Pavlak, Advocates For Disabled Americans

Plaintiff(s)

Vs.

~~CORPORATION SERVICE COMPANY~~

*REALTY INCOME PROPERTIES 29 LLC IVCare*
                                        *of CSC*
Defendant(s)

# Superior Court of
# New Jersey

| | |
|---|---|
| Salem | COUNTY |
| | DIVISION |

Docket No:   L - 26-17

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the day you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

*[signature]*
Clerk of the Superior Court

DATED:   Mar. 21, 2017.

Name of Defendant to Be Served:   ~~CSC Corporation~~ reg.agent CORPORATION SERVICE COMPANY

Address of Defendant to Be Served:   PRINCETON SOUTH CORPORATE CTR STE 160, 100 CHARLES
*EWING BLVD.*

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ANTHONY J. BRADY, JR., ESQUIRE
1 Rose Avenue
P. O. Box 129.
Maple Shade, New Jersey 08052
(561) 603-6387    Bar Number 044541984
Attorney for Plaintiffs

RECEIVED & FILED

MAR 1 3 2017

SUPERIOR COURT OF NEW JERSEY
SALEM COUNTY CIVIL PART

| | |
|---|---|
| NICHOLAS PAVLAK, ADVOCATES FOR DISABLED AMERICANS. | : SUPERIOR COURT OF NEW JERSEY<br>: SALEM COUNTY<br>: LAW DIVISION |
| Plaintiffs, | : |
| vs. | : Docket No.: SLM -L-26 -17.<br>: Civil Action |
| REALTY INCOME PROPERTIES 29 LLC. | : **FIRST AMENDED COMPLAINT** |
| Defendant. | : |

Plaintiff Nicholas Pavlak residing at 15128 97th Drive, Jupiter, Palm Beach County,

Florida, Plaintiff Advocates for Disabled Americans, doing business in Camden County

New Jersey, by way of complaint against Defendant states:

### STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who is disabled and who uses a

walker for injunctive relief under the federal American with Disabilities Act, 42 USC

12182 and the New Jersey law Against Discrimination.

It would be wise to review the purposes of the access laws. First, the laws are

about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman,

throughout our history, our disabled citizens have not been provided the opportunity to

participate in all phases of society. Designed to provide 43,000,000 Americans with

enhanced opportunities, this bill, then, embodies the conservative idea of opportunity."

136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly, …the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs under the ADA and LAD as well as damages under the LAD as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008). As Judge Henderson of the United States District Court wrote;

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large.  As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

## FIRST COUNT

1.    Plaintiff Pavlak is disabled and uses a walker and/or wheelchair. Plaintiff is often in New Jersey having grown up in South Jersey.

2.    Plaintiff Advocates for Disabled Americans (AFDA) is a civil rights organization, whose goal in part is to enforce the civil rights of the disabled with an office in Camden County.

3.    Defendant Realty Income properties 29 LLC. Is the owner /operator of a Family Dollar store located at 10 South Virginia Ave, Penns Grove, Salem County, New Jersey

which is a public accommodation under both the ADA and LAD.

4.      Plaintiff Pavlak is a frequent patron at Defendants restaurant including September 1 and 3, 2016.

5.      His ability to utilize the services of the defendants has been impaired as a result of the lack of access to the Plaintiff and a disabled as a whole including on many occasions

6.      Specifically, there is improper parking and   routes   for the disabled.

7.      The above violations are not exclusive. Plaintiff reserves the right to amend the allegations as discovery progresses.

8.      Plaintiff Pavlak intends to return to said public accommodation including but not limited to the July 2017 and  holiday seasons and there after each succeeding year.

9.      Plaintiff Pavlak, also intends to return as a tester.

10.     As a result Plaintiff sustained distress and anger.

11.     The lack of access is a violation of New Jersey Law Against Discrimination (LAD) and Americans with Disability Act (ADA).

        Wherefore, Plaintiff Pavlak demands judgment for damages under the LAD.

        1).      Injunctive relief.

        2).      Attorney fees.

        3).      Costs of suit.

                        **SECOND COUNT**

12.     Plaintiff AFDA repeats the allegations of the first count.

Plaintiff Advocates for Disabled Americans with offices in Cherry Hill, Camden County New Jersey and its members have suffered and will continue to suffer direct and indirect Injury as a result of this discrimination.

Wherefore, Plaintiff Advocates for Disabled Americans demands judgment for:

1). Injunctive relieve.

2). Damages under the LAD

3). Attorney fees.

4). Costs of suit.

Date: March 11, 2017.

_____
Anthony J. Brady Jr. Esq.

## CERTIFICATION

I further certify pursuing to R 4.5-1, that this matter in controversy is not the subject of any court of a pending arbitration proceeding nor any other action or arbitration proceeding contemplated.

Further, the Plaintiffs are not aware of any other parties that should be joined in this matter.

DATED:  Match 11, 2017.

_____
ANTHONY J. BRADY, JR. ESQUIRE