**jackson lewis**®

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com

Richard J. Cino - Managing Principal

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

JOSEPH C. TORIS
Email Address: TorisJ@jacksonlewis.com

September 13, 2017

**VIA ELECTRONIC FILING**
Honorable Renée Marie Bumb, U.S.D.J.
United States District Court for the
District of New Jersey
United States Courthouse & Post Office
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Box 1029
Camden, New Jersey 08101

                      Re:    Pavlak, et al. v. Realty Income Properties 29, LLC
                              Case No. 1:17-cv-06428 (RMB/KMW)

Dear Judge Bumb:

      Pursuant to Your Honor's Rules and Procedures, Defendant Realty Income Properties 29, LLC ("Defendant"), writes to respectfully request a pre-motion conference to address Defendant's intention to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(e) and L. Civ. R. 12.1. Plaintiffs' Nicholas Pavlak's ("Pavlak") and the Advocates for Disabled Americans ("AFDA") (collectively with Pavlak, "Plaintiffs") Complaint fails to assert a claim for which relief can be granted and is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6). To the extent the Court concludes Plaintiffs have asserted a cognizable claim, Plaintiffs should be ordered to provide a more definite statement as his Complaint contains only vague allegations in response to which Defendant cannot fashion a responsive pleading.

      In this matter, Pavlak is an alleged Florida resident who "is disabled and uses a walker and/or wheelchair…" (Compl. ¶ 1). Defendant is "the owner/operator of a Family Dollar store located at 10 South Virginia Ave, Penns Grove, Salem County, New Jersey…" (*Id.* ¶ 3). Pavlak further alleges that he "is a frequent patron at Defendants [sic] restaurant including September 1 and 3, 2016." (Compl. ¶ 4). Pavlak alleges that "[h]is ability to utilize the services of the defendants has been impaired as a result of the lack of access to the Plaintiff and a disabled as a whole including on many occasions[…]" (*Id.* ¶ 5). Pavlak alleges "[s]pecifically, there is improper parking and routes for the disabled." (*Id.* ¶ 6). Pavlak alleges that he "intends to return to said public accommodation including but not limited to the July 2017 and holiday seasons and there after each succeeding year." (*Id.* ¶ 7). Prior to the present suit, Pavlak has sued at least eight establishments in federal court in New Jersey[1] and thirteen establishments in federal court

---

[1] *See Pavlak v. Red Carpet*, Case No. 1:96-cv000565; *Pavlak et al. v. Rick Derry Properties, LLC*, Case No. 1:12-

**jackson lewis.**

Honorable Renée Marie Bumb, U.S.D.J.
September 13, 2017
Page 2

in the Southern District of Florida[2] under Title III of the Americans with Disabilities Act ("Title III"). In each case, Anthony Brady represented Plaintiff.

A plaintiff must state sufficient facts, assumed true, to "'state a claim to relief that is plausible on its face,'" i.e., a claim that creates a reasonable inference of the defendant's liability and fairly notifies the defendant of both the claim and "the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 1961, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint alleging facts "'merely consistent with'" a defendant's liability "'stops short of the line between possibility and plausibility of 'entitlement to relief'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft, supra* at 1949. To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face. *Twombly, supra* at 555, 570.

Plaintiffs fail to state sufficient facts to support a claim under Title III of the ADA or under the New Jersey Law Against Discrimination Act ("LAD"). Plaintiffs' Complaint alleges that Defendant's "restaurant" has "improper parking and routes for the disabled" in violation of the ADA and the LAD. The Plaintiffs, however, do not set forth any facts explaining how the parking or routes are improper. Moreover, Defendant is not a restaurant, but rather a real estate investment firm leasing real estate to retailer, Family Dollar of New Jersey, which sells an assortment of merchandise from household cleaners to name brand foods. Clearly, the Plaintiffs' incorrect and bare bones allegations are the textbook definition of insufficient as outlined by the Supreme Court in *Iqbal* and *Twombly*. *See La. Counseling & Family Servs., Inc. v. Mt. Fuji Japanese Rest.*, 2014 U.S. Dist. LEXIS 31132, *30 (D.N.J., 2014)(granting summary judgment on Title III and ADA claim for failure to establish concrete plans to return to defendant's establishment.); *see also Shyvers v. Landmark Hotel Group, LLC*, Case No. 2:16-cv-443 (Feb. 2, 2017) (dismissing complaint under 12(b)(6) for failure to provide facts substantiating claims under Title III of ADA, including failure to identify ramps in violation of the ADA standards). As such, Plaintiffs' complaint in its entirety is subject to dismissal.

Alternatively, Pavlaks' LAD claim is subject to dismissal due to "unclean hands." Pavlak filed several Title III lawsuits prior to the present lawsuit, thus Pavlak clearly had an understanding of his rights under the LAD and Title III and the requirements of the ADA

---

cv-01317; *Pavlak et al. v. Denny's of Turnersville et al.*, Case No. 1:13-cv-00492; *Pavlak et al. v. CVS East Windsor 3161, LLC*, Case No. 1:13-cv-02999; *Pavlak et al. v. SBKFC*, Case No. 1:15-cv001944; *Pavlak, et al. v. Spiro Karolidis, et al.*, Case No. 1:17-cv-02392; *Pavlak et al. v. Wells Fargo Bank*, 1:17-cv-03637.

[2] *See Pavlak v. Cushman's, et al.*, Case No. 9:97-cv-09021; *Pavlak v. Saks Fifth Avenue*, Case No. 0:98-cv-06755; *Pavlak v. Palm Beach County*, Case No. 9:98-cv-08775; *Pavlak v. Action Mobility*, Case No. 9:99-cv-08543; *Pavlak v. Badcock*, Case No. 2:99-cv-14214; *Pavlak v. Fidelity Federal*, Case No. 9:00-cv-08522; *Pavlak v. Burger King Store 53*, Case No. 9:00-cv-08524; *Pavlak v. Fairway One*, Case No. 9:00-cv-08525; *Pavlak v. Kentucky Fried*, Case No. 9:00-cv-09034; *Pavlak v. Burger King*, Case No. 9:00-cv-09044; *Pavlak v. Discount Auto Parts*, Case No. 2:01-cv-14240; *Pavlak v. 60 Minutes Photo, et al.*, Case No. 9:01-cv-08475; *Pavlak et al. v. Fast Food Enterprises #2 LLP*, Case No. 9:15-cv-80925.

**jackson lewis.**

Honorable Renée Marie Bumb, U.S.D.J.
September 13, 2017
Page 3

Standards. Despite this knowledge, Pavlak did not provide notice to the Defendant of any perceived violations. In the previous ten years, rather than ever providing notice and working with places of public accommodation on perceived violations, Pavlak has engaged in a pattern and practice of quickly filing Title III lawsuits against places of public accommodation and obtaining quick settlements.

In New Jersey, the LAD adds to this growing issue by providing damages to a plaintiff in addition to the attorney's fees permitted under Title III. However, for a tester or a serial plaintiff, a claim of damages under LAD should be barred if the plaintiff engaged in conduct that could be deemed improper. In the present case, despite his extensive knowledge of Title III requirements and despite his previous alleged visits to Defendant's premises, Pavlak chose to continue to visit that specific premises rather than visit any number of other Family Dollar locations or other similar retailers.

Based on the above facts, Pavlak's claim of damages under the LAD as to subsequent visits should be barred based on "unclean hands." The doctrine of "unclean hands" may be used to deny equitable relief if the party seeking relief "is guilty of fraud, unconscionable conduct, or bad faith directly related to the matter at issue that injures the other party and affects the balance of equities." *Saudi Basic Indus. Corp. v. ExxonMobil Corp.*, 401 F. Supp. 2d 383, 386 (D.N.J. 2005) (quoting *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 n.12 (3d Cir. 1999)). First, Pavlak's conduct was clearly inequitable as Pavlak manipulated the circumstances in order to obtain standing to file the present lawsuit against Defendant. Second, Pavlak could have notified Defendant after his first visit of any alleged violations of Title III or the LAD. Instead, Pavlak engaged in conduct that created the LAD claim that he now asserts in his Complaint. Third, Pavlak could have minimized the alleged harm to himself, as well as to Defendant, by providing notice to the Defendant of the alleged violations after his first visit outside of litigation. Instead, Pavlak's actions appear to be largely designed to increase his own alleged damages. Moreover, despite these less harmful options, Pavlak filed a lawsuit which is now causing Defendant to expend a great number of fees and costs on its own attorneys while driving up the fees and costs for the Pavlak's attorneys. Plaintiffs' claim of damages under LAD should be barred under the doctrine of unclean hands. Therefore, in the alternative, the Court should dismiss Plaintiffs' LAD claim for damages in its entirety.

In summary, the Plaintiffs fail to provide sufficient facts to support the legal conclusion that Defendant violated Title III or the LAD. Therefore, the Court should dismiss the Plaintiffs' Complaint in its entirety. Absent dismissal of Plaintiffs' Complaint, Plaintiff should be ordered to submit a more definite statement as his allegations are so vague and ambiguous that Defendant cannot identify the nature of the alleged violation.

Respectfully submitted,

JACKSON LEWIS P.C.

/s Joseph C. Toris
Joseph C. Toris

cc: Anthony J. Brady, Jr. (Via ECF)