UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PAVLAK<br><br>Plaintiffs,<br><br>vs.<br><br>REALTY INCOME PROPERTIES 29 LLC.<br><br>Defendant(s). | Civil Action : 1:17-cv-06428 (RMB)(KMW)<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff Nicholas Pavlak residing at 15128 97th Drive, Jupiter, Palm Beach County, Florida Florida and by way of complaint against Defendant states:

### JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Americans With Disabilities Act (ADA).

### STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who is disabled and who uses a walker for injunctive relief under. This suit is a private action brought by a Plaintiff, who uses a wheelchair for injunctive relief under the New Jersey Law Against Discrimination and its regulations contained in N.J.A.C. 13:13-4.1, et al., which mandates that public accommodations have an affirmative duty to make its business accessible to the disabled unless to do so would cause the public accommodation an undue burden on its operation. N.J.A.C. 13:13-4.11. Not surprising, this State has greatly exceeded federal law by promulgation of regulations to the New Jersey Law Against Discrimination, N.J.A.C. 13:13-4.1 that allows for damages and adopted the higher standard of "undue burden" compared to the readily achievable standard. Compare N.J.A.C. 13:13-4.11 to 42 U.S.C. § 12181(a). These rights under the LAD are recognized by the Courts; Stoney; v. Maple Shade Township, 44 A.3d 601 (N.J. App. Div. 2012)  Moyer v.

Showboat Casino Hotel, Atlantic City, 56 F. Supp. 2d, 498 (D.N.J. 1999); D. B. v. Bloom, 896 F. Supp. 166 (D.N.J. 1995); Warrington v. Village Supermarket, 328 N.J. Super 410 (App. Div. 2000 and Lasky v. Borough of Hightstown, 43 A. 3d 445  (N.J. App. 2012.).

In addition, newly constructed properties must be accessible to the disabled. 5:23-3.14(b) 10

It would be wise to review the purposes of the access laws.  First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society.  Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity."  136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America.  As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly, …the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues."  Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation.  As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid.  It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).  It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec.

S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs under the ADA and LAD as well as damages under the LAD as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

As Judge Henderson of the United States District Court wrote;

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large. As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

**FIRST COUNT**

2. Plaintiff Pavlak is disabled and uses a walker and/or wheelchair. Plaintiff is often in New Jersey having grown up in South Jersey and for his duties on behalf of the Advocates For Disabled Americans a New Jersey Civil Rights organization that he is an officer of.

3. Defendant Realty Income properties 29 LLC., is the owner /operator of a Family Dollar store

located at 10 South Virginia Ave, Penns Grove, Salem County, New Jersey which is a public accommodation under both the ADA and LAD. As of December 31, 2016, Defendants' parent Company REALTY INCOME PROPERTIES owned 4,944 properties totaling 83.0 million rentable square feet, with an average property size of 16,800 square feet. The Defendant and its parent of being sued many times for access rights violations in the United States Federal Courts in the following  Districts: California, Florida, Kansas, Missouri and South Carolina.

4.     Plaintiff Pavlak is a frequent patron at Defendants strip mall including September 1 and 3, 2016.

5.    His ability to utilize the services of the defendants has been impaired as a result of the lack of access to the Plaintiff and a disabled as a whole.

6.    Specifically, there is no proper parking and routes  for the disabled both on the exterior and interior. Plaintiff makes reference to the applicable standards under New Jersey law ANSI or IBC 117.1 and the federal standard the Americans with Disabilities Act (ADAAG).

7.    Defendant does not provide a  proper path of travel to the front entrance, the curb ramp is dangerous it is not wide enough, it drops on the side  it has chipped concrete- ANSI 402, 406; ADAAG 406.

The curb ramp has a cross slope greater than 1:50 and a threshold more than 1 inch, which is contrary to  ADAAG 303.3; ANSI 303, only 13 mm horizontal changes in level are permissible.  ICB 404.2.4; 502.8, 1104 and ADAAG 403.3.

The path of travel to the front entrance is not on the shortest accessible route in violation of ICB 1106.6  and ADAAG 208.3.1.

8.    There is no parking designated to the disabled, contrary to IBC 1106.1 and ADAAG  502.

9.      There is no proper signage in the parking area. N.J.S.A. 39:4-198 which mandates.

"Beneath the R7-8 sign, each accessible parking space shall also be marked with an R7-8P sign, as required by N.J.S.A.39:4-198.

                          PENALTY
                     $250 FIRST OFFENSE
                    SUBSEQUENT OFFENSES
     $250 MINIMUM AND/OR UP TO 90 DAYS COMMUNITY SERVICE
                       TOW AWAY ZONE

ADAAG 4.1.2(5) (b) and 502.6 shall have an additional sign "Van accessible" mounted below the Symbol of accessibility. The bottom of the sign shall be minimum 60 inches above the ground."

10.     Parking is not properly maintained, it has uneven surfaces, pebbles and puddles, Contrary to 28 CFR 36.211.

11.     The "accessible path" on the side of the building appears to have a cross slope which Is contrary to ANSI 403.3; ADAAG 4.3.7. and ADAAG 403.3. The maximum cross slope, shall be 2%.

12.     The aisles in the store are blocked by boxes or merchandise, in violation of 28 CFR 36.211.

13.     Plaintiff Pavli intends to return to said public accommodation limited when accessible.

14.     Plaintiff Pavlik also intends to return as a tester. Tester suits are recognized in the access rights setting. Houston v. Mored Supermarkets, 733 F. 3d 323 (11th Cir, 2013) and Lasky v. Borough of Hightstown, 54 A. 3d 445 (N.J. App Div. 2012).

15.     As a result Plaintiff sustained distress and anger.

16.     The lack of access is a violation of New Jersey Law against Discrimination (LAD) and Americans with Disability Act (ADA).

    Wherefore, Plaintiff Pavlak demands judgment for damages under the LAD.

    1).     Injunctive relief.

    2).     Attorney fees.

    3).       Costs of suit.

    4)        Damages only under the LAD.

DATED: October 5, 2017.        s/Anthony J. Brady Jr._____
                                            ANTHONY J. BRADY, JR., ESQ.
                                            1 Rose Ave. PO Box 129
                                            Maple Shade NJ
                                            Tel.: 561-603-6387
                                            #0100366 New Jersey Bar Number.
                                            Attorney for Plaintiffs